**Sandra BICE, Appellant,**

v.

**LESLIE'S POOLMART, INC.,
a corporation, Appellee.**

**No. 94–1186.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Nov. 7, 1994.

---

888

Burton Newman, St. Louis, MO, argued (Michael A. Gross, on the brief), for appellant.

Peter W. Herzog III, St. Louis, MO, argued (Randy R. Mariani and Margaret C. Nikolai, on the brief), for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HEANEY, Senior Circuit Judge.

Sandra Bice brought an action against Leslie's Poolmart, Inc., alleging that the label on the swimming pool supplies it sold her failed to adequately warn her of their hazardous nature. The district court dismissed the action on the ground that Bice's state common law claim is preempted by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. §§ 136–136y. We affirm.

Power Powder is a chemical product manufactured and distributed by Leslie's Poolmart which is used for swimming pool maintenance. There is no dispute that Power Powder is a pesticide within the meaning of FIFRA and that its label was approved by the Environmental Protection Agency (EPA) in accordance with FIFRA's statutory scheme. *See* 7 U.S.C. § 136a(c)(5)(B); 40 C.F.R. § 152.112(f). This court recently stated in *National Bank of Commerce v. Kimberly–Clark Corp.*, 38 F.3d 988, 994 n. 4 (8th Cir.1994), that in the context of FIFRA, under which the EPA is required to approve pesticide labels, "actual agency approval eliminates any possible claims under state tort law for failure to comply with federal [labeling] requirements." We therefore hold that Bice's claim for inadequate labeling or failure to warn is preempted by FIFRA.